UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK C. JENNINGS, II,

    Plaintiff,

v.

DEPUTY NOBLE, et al.,

    Defendants.

                                      /

Case No. 2:16-cv-11915

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [13], DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [14], DENYING PLAINTIFF'S MOTION TO STRIKE [18], AND FINDING MOOT THE MOTIONS FOR EXTENSION OF TIME [15, 16]**

Prisoner Mark Jennings is confined at the Oaks Correctional Facility in Manistee, Michigan after being convicted of first, second, and third degree criminal sexual conduct with a minor between the age of 13 and 15 years old. He sued Deputy Noble, Deputy Ford, Corrections Officer Babcock (collectively, "Defendants"), and two unknown officers for alleged violations of 42 U.S.C. § 1983 that arose from his temporary imprisonment at the Ogemaw County Sheriff's Department in West Branch, Michigan. Before the Court are Defendants' motion to dismiss, Jennings's response to that motion, which doubles as a motion for judgment on the pleadings or, in the alternative, for summary judgment, and Jennings's motion to strike Defendants' reply brief. For the following reasons, the Court will grant the Defendants' motion, and dismiss the case.

**BACKGROUND**

Jennings mailed his Complaint on May 24, 2016 and it was filed on the docket two days later.[1] The Court reproduces Jennings's statement of facts verbatim as follows:

---

[1] The instant complaint was the last of three Jennings filed in this Court in a four-day period. The other two have since been summarily dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Jennings v. Hall*, No. 5:16-cv-11848 (E.D. Mich. Aug. 2, 2016), *reh'g*

> At the ogemaw county sheriffs department in West Branch Michigan at about 10:00pm on 9-2-07 officers Ford, Noble, Babcock and other unknown persons did use excessive force against the plaintiff by repeatedly tazering him and placing there [sic] bodies upon his body causing his right acromioclavicular to permanently become dislocated. At no time did these officers have the authority to assault and batter the plaintiff in any manner. The plaintiff was told to get into a holding cell. The plaintiff was experiencing a panic attack caused by his post traumatic stress disorder. He advised the defendants what was happening to him and that he needed his medication and a second to catch his breath. Instead of giving him medical care they all jumped on him while he was already handcuffed and began tazering, assaulting and battering him. They also withdrew blood out of him without his consent, court order or warrant. This occurred at the direction of the defendants at tolfree hospital in West Branch Michigan.

Pg ID 4, ECF No. 1. Jennings claims that the defendants' actions constituted excessive force and deliberate indifference to his medical needs such that his constitutional rights were violated. As relief, he requests appointed counsel, tolling of the statute of limitations due to his mental disability, a jury trial, a declaration that Defendants' actions were unconstitutional, $2,000,000 in punitive and compensatory damages from each defendant, and the opportunity to amend his complaint after discovery is provided. *Id.* at 4–5.

On October 25, 2016, Defendants filed a motion to dismiss the complaint. ECF No. 13. It appears that they also seek, in the alternative, summary judgment: the motion is titled "Motion to Dismiss in Lieu of an Answer, Pursuant to Fed. R. Civ. P. 7(a) and 12(b)(6)," but states in the body that the Court should grant summary judgment for the Defendants. *Id.* at 1. And in their reply, Defendants argue that Jennings has failed to create a genuine issue of material fact, and ask the Court to grant "summary judgment, thereby dismissing Plaintiff's case in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6)." Reply i–ii, ECF No. 17. Notwithstanding the confusion over the proper standard of review, the Court will construe their motion as one to dismiss and, in the alternative, for summary judgment.

---

*denied*, (E.D. Mich. Aug. 12, 2016); *Jennings v. Reyes*, No. 16-cv-11864 (E.D. Mich. June 1, 2016), *reh'g denied*, (E.D. Mich. June 17, 2016).

On November 14, 2016, Jennings filed a response to the motion, titled "Plaintiff's Opposition to Defendant's Motion to Dismiss . . . and Plaintiff's Motion for Judgment on the Pleadings Fed. R. Civ. P. 12(c) and Motion for this Court to Treat This Motion as a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56." Resp., ECF No. 14. Despite the procedural error of combining a motion with the response to a separate motion, the Court will construe Jennings's filing as a motion for judgment on the pleadings or, in the alternative, for summary judgment. On December 14, 2016, Jennings filed a motion to strike Defendants' Reply. The Court will now address each of the outstanding motions.

## STANDARD OF REVIEW

I. <u>Dismissal under Rule 12(b)(6)</u>

Civil Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court may only grant a Civil Rule 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008). Moreover, the Court must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

II. <u>Judgment on the Pleadings</u>

Rule 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). That

3

type of motion is evaluated under the same standard as a motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). And in ruling on the motion, the Court may consider documents attached to, incorporated by or referred to in the pleadings. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88–89 (6th Cir. 1997). The well-pleaded material allegations of the non-moving party must be taken as true, but the Court need not accept as true legal conclusions or unwarranted factual inferences. *JPMorgan*, 510 F.3d at 581–82.

III.  Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

When matters outside the pleadings are considered, a motion must be treated as one for summary judgment under Rule 56, and the parties must be given time to present all

4

materials relevant to the motion. Fed. R. Civ. P. 12(d). Both parties have been given an opportunity to submit all relevant materials and have offered such materials here. The Court will consider them, construe both motions as seeking summary judgment in the alternative.

## DISCUSSION

I.   Claims against Noble, Ford, and Babcock

Defendants argue that Jennings's claims are "barred by Michigan's three-year statute of limitations because he filed his Complaint nine years and nine months after the subject incident." Mot. 3, ECF No. 13. In § 1983 cases, "state law determines what statute of limitations applies and federal law determines when the statutory period begins to run." *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 594 (6th Cir. 2014) (citations and quotation marks omitted). "Michigan's three-year statute of limitations applies, Mich. Comp. Laws § 600.5805(10), and, under federal law, begins to run when the plaintiff knows or has reason to know" that the act providing the basis of the injury has occurred. *Id.*

Here, it is undisputed that the alleged conduct forming the basis of the complaint occurred on September 2, 2007: Jennings was allegedly tazed with immediate negative effects, the Defendants' pressure on Jennings's right shoulder caused a dislocation, the panic attack was exacerbated by post traumatic stress disorder, and blood was withdrawn without Jennings's consent. Under Michigan law, Jennings had until September 2, 2010 to file a complaint. Absent any tolling, his May 24, 2016 complaint has been barred for nearly six years.

Jennings seeks to toll the limitations period, however, by claiming that he suffers from the mental disability of insanity "that has rendered him insane since 1994 till the present." PgID 71–72, ECF No. 14. Under Mich. Comp. Laws § 600.5851:

5

> (1) . . . [I]f the person first entitled to . . . bring an action under this act is . . . insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.
>
> (2) The term insane . . . means a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane.
>
> (3) To be considered a disability, the . . . insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations.
>
> (4) A person shall not tack successive disabilities. A court shall recognize only those disabilities that exist at the time the claim first accrues and that disable the person to whom the claim first accrues for the purpose of modifying the period of limitations.
>
> (5) A court shall recognize . . . the disabilit[y] of . . . insanity that disable[s] the person to whom the claim first accrues at the time the claim first accrues. A court shall count the year of grace provided in this section from the termination of the last disability to the person to whom the claim originally accrued that has continued from the time the claim accrued, whether this disability terminates because of the death of the person disabled or for some other reason.

Mich. Comp. Laws § 600.5851(1)–(5).

To toll the statute, Jennings bears the burden to show that (1) his insanity existed when the claim accrued; (2) the disability was continuous; and (3) he filed his lawsuit within one year of the removal of the disability. *Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 884 (E.D. Mich. 2013). Jennings could show, for instance, that he (1) was unable to work with his attorneys, (2) was unable to comprehend or assist his attorney in asserting the matter against him, (3) was unable to attend to his personal or business affairs, (4) needed explained to him matters that an ordinary person would understand, and that he (5) "was unable to comprehend simple legal procedures." *Britt v. Smith*, 9 F. App'x 409, 410–11 (6th

6

Cir. 2001) (citations omitted). Defendants, on the other hand, must show the absence of a triable issue of fact on the insanity question; if they do, Jennings must counter with sufficient evidence that a reasonable jury could rely on to find in his favor. *Curran*, 957 F. Supp. 2d at 884.

Defendants rely on *Curran* to support their argument that Jennings was not continuously insane during the period he seeks to toll. In *Curran*, the court considered the state court's uninterrupted adjudication of the plaintiff's underlying criminal case without a determination of mental competency, and took that as an implicit acknowledgment that the plaintiff was competent to stand trial. *Id.* at 886. Even if the plaintiff suffered a mental disability when the criminal incident occurred, the court reasoned, it was resolved a year later when the court adjudicated the case, and thus prevented the plaintiff from tolling the statute when filing the § 1983 complaint a year later. *Id.*

The reasoning of *Curran* applies here. During his criminal proceedings, Jennings's competency to stand trial was evaluated by the Center for Forensic Psychiatry, and confirmed in a comprehensive report issued by Dr. Nicole Kletzka on August 26, 2009. Report, ECF No. 17-3. Among other findings, Dr. Kletzka stated that Jennings's responses suggested he was exaggerating the extent of his duress, he understood the nature of the proceedings pending against him, he demonstrated incredible motivation to get involved in his case by "reading law books and identifying possible potential strategies for his case." *Id.* at PgID 205–07. Overall, Dr. Kletzka concluded that Jennings "is capable of understanding [] the nature and object of the proceedings against him and of assisting in his defense in a rational manner." *Id.* at 207.

On January 27, 2010, the state court judge issued an order stating that Jennings was competent to stand trial. Order, ECF No. 17-4. Although a judicial declaration alone is not

7

outcome dispositive, *see* Mich. Comp. Laws § 600.5851(2), the state court ruling sufficiently shifts the burden of production to Jennings, who must present sufficient evidentiary material, beyond the pleadings, to show a genuine issue as to whether he was insane when the claim accrued, and continuously insane as of January 27, 2010. He has not done so.

In his motion to strike Defendants' reply, Jennings attacks Defendants' reliance on the state court's competency ruling and the Defendants' corresponding reliance on *Curran*. PgID 215–19, ECF No. 18. Primarily, he argues that Defendants' reliance on the ruling is improper because the ruling was "obtained in violation of his due process rights and his right to effective assistance of counsel" when, without his consent, his trial counsel stipulated to his competency to stand trial. *Id.* at 216. He also contends that the ruling was not based on the independent competency exam, and that the exam was inconclusive. *Id.* Instead, he asks the Court to rely on a May 19, 2008 forensic report by Dr. George Daigle that he says determined Jennings was insane. *See* PgID 285–93, ECF No. 18.

The arguments are frivolous. There is no evidence that the state court ruling was improper, and the forensic report Jennings cites reaches the exact opposite conclusion that he claims: "[I]t is the opinion of this examiner that while the statutory criteria for mental illness could be construed as having been met, *the requirements for legal insanity have not*." *See id.* at 293 (emphasis added). Dr. Daigle further stated there was no indication of thought disorder, impaired reasoning, psychosis, or significant depression; Jennings's claims of hallucinations and neurologic impairment were unsupported, "appeared to be hysterical," and were "inconsistent with symptoms reported by individuals with genuine illness"; there was no basis to conclude he was unaware of the illegality of his alleged actions or rendered unable to comprehend the gravity of his conduct due to a psychiatric

8

disorder; and that he could engage in purposeful, goal-directed activity and conform his conduct to the relevant legal requirements. PgID 285–93, ECF No. 18.

Not only do the doctors' reports cut against Jennings's argument, but the remaining evidence he offers does not show that he was insane when the claim accrued and was continuously insane such that he could not comprehend the rights he was otherwise bound to know. He included a list and timeline of his ailments, medical records documenting the ailments, and several affidavits from lay witnesses who personally know Jennings and have witnessed his various symptoms. *See* PgID 106–39, ECF No. 14. The evidence simply suggests that he has unrelated mental conditions. It does not show that he was unable to know or comprehend legal rights.

Jennings fails well short of establishing a triable issue of fact as to his alleged continuous insanity. Thus, at the very latest, the three-year limitations period started to run one year after the January 27, 2010 state court ruling, *see* Mich. Comp. Laws § 600.5851(1), and expired on January 28, 2014. Jennings's May 24, 2016 complaint, therefore, is untimely by at least two years and three months. Accordingly, the Court will grant Defendants' motion.

II.   Claims Against the John Doe Defendants

Jennings's claims against the John Doe defendants fail for the same reason. *See* 28 U.S.C. §§ 1915(e), 1915A; *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming district court's dismissal of prisoner's claims as frivolous inasmuch as they were barred by the statute of limitations). The complaint will therefore be dismissed with prejudice.

III.   Jennings's Motions

The Court will deny Jennings's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. In lieu of an answer, Defendants filed their Motion to Dismiss or, in the Alternative, for Summary Judgment. Jennings's motion for judgment on the pleadings, therefore, is premature. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings."). And because the Court has decided that Jennings's claims should be dismissed, it necessarily follows that he is not is entitled to judgment as a matter of law. Accordingly, Jennings's motion will be denied.

The Court will also deny Jennings's Motion to Strike Defendants' Reply. On its own or on motion made by a party, a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendants' Reply is none of these things. As stated above, the Court construed both parties' motions as seeking summary judgment in the alternative, and properly considered the arguments within and materials attached to those motions in reaching its decision.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Defendants' Motion to Dismiss (document no. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (document no. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Reply (document no. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' Motions for Extension of Time (document nos. 15, 16) are **MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                s/Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

Dated: December 20, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2016, by electronic and/or ordinary mail.

                                s/David P. Parker
                                Case Manager